UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID VANCE<br>2191 Babcock Road<br>Hinckley, OH 44233 | CASE NO.<br><br>JUDGE |
| Plaintiff, | **PLAINTIFF'S FLSA COMPLAINT** |
| v. | (Jury Demand Endorse Herein) |
| VILLAGE OF HIGHLAND HILLS<br>c/o Mayor Michael L. Booker<br>3700 Northfield Rd.<br>Highland Hills, OH 44122 | |
| Defendant. | |

Plaintiff David Vance, by and through counsel, respectfully files this Complaint, and states and alleges the following:

## INTRODUCTION

1. Plaintiff David Vance brings this case to challenge policies and practices of the Village of Highland Hills (hereinafter referred to as "Highland Hills" or "Defendant") that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district and division and all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

4. At all times relevant, Plaintiff David Vance was a citizen of the United States and a resident of Medina County, Ohio.

5. Defendant Highland Hills is an Ohio municipality with its principal offices located at 3700 Northfield Rd., Highland Hills, OH 44122.

## FACTUAL ALLEGATIONS

### Defendant's Firefighter/EMS Services

6. Highland Hills is an Ohio municipality that employs firefighters/emergency medical services ("EMS") workers to respond to 911 calls within its borders. It provides full fire/rescue emergency medical technician/paramedic emergency services 24 hours a day for residents, workers, and guests in Highland Hills.

### Defendant's Status as an Employer

7. Defendant is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed non-exempt employees, including Plaintiff.

8. Defendant is an enterprise within the meaning of 29 U.S.C. § 203(r).

9. Defendant is an employer of Plaintiff as Defendant exercises the power to hire and/or fire firefighter/EMS employees; supervises and controls their work schedules and conditions of employment; determines firefighter/EMS employees' rates and methods of payment; and maintains or is required to maintain records, including employment records.

### Plaintiff's Employment Status with Defendant

10. Plaintiff has been employed by Defendant Highland Hills as a firefighter/EMS worker from approximately March 2015 to the present. Plaintiff was required to work large amounts of overtime, often in excess of seventy (70) hours per week. For example, in the two

2

week period between November 4, 2019 and November 17, 2019, Plaintiff worked 159.0 hours, or 79.5 hours per week.

11. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

12. At all times relevant, Plaintiff was an employee engaged in commerce within the meaning of 29 U.S.C. § 207.

### **Defendant's Failure to Pay Overtime Compensation**

13. During his employment with Defendant, Plaintiff was required to work overtime, more than forty (40) hours per workweek. However, Defendant did not pay overtime compensation to Plaintiff at one and one-half times Plaintiff's "regular rate" of pay.

14. The FLSA required Defendant to pay overtime compensation to their employees, including Plaintiff, at the rate of one and one-half times their regular rate for the hours they worked in excess of forty. 29 U.S.C. § 207.

15. Defendant did not pay Plaintiff overtime compensation when working more than forty (40) hours in a single workweek as required by the FLSA, 29 U.S.C. § 207.

16. Moreover, although Defendant suffered and permitted Plaintiff to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiff overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff was not paid overtime for all of his overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq*.

17. Defendant's failure to compensate Plaintiff for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207.

## The Willfulness of Defendant's Violations

18. Defendant knew that Plaintiff was entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether he was so entitled. In so doing, Defendant willfully circumvented the requirements of the FLSA.

## COUNT ONE
### (FLSA Overtime Violations)

19. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

20. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

21. The FLSA requires that "non-exempt" employees, including Plaintiff, are required to be paid overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

22. Plaintiff should have been paid overtime wages in the amount of 150% of his "regular rate" for all hours worked in excess of forty (40) hours per workweek.

23. Defendant did not pay overtime compensation to Plaintiff at the rate of one and one-half times his regular rate for all of his overtime hours.

24. By engaging in the above practices and policies, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

25. As a result of Defendant's violations of the FLSA, Plaintiff was injured in that he did not receive wages due to him pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Enter judgment against Defendant and in favor of Plaintiff;

B. Award compensatory damages to Plaintiff in the amount of his unpaid wages, as well as liquidated damages in an equal amount; and

C. Award Plaintiff compensatory and punitive damages, his costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

*s/ Kevin M. McDermott II*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221   F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

                                                     *s/ Kevin M. McDermott II*
                                                     Kevin M. McDermott II (0090455)