UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------------------

| | | |
|---|---|---|
| | : | |
| DAVID VANCE, | : | |
| | : | CASE NO. 1:20-cv-00152 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 24, 25] |
| VILLAGE OF HIGHLAND HILLS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

-------------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Highland Hills Village employed Plaintiff Vance as a firefighter.  Plaintiff filed this action claiming that Defendant failed to pay him overtime in violation of the Fair Labor Standards Act (FLSA).[1]

Defendant responds that the FLSA's exception for law enforcement and fire protection workers, 29 U.S.C. § 207(k), should apply and limit Plaintiff's damages.[2]

The parties waived a jury trial under Federal Rule of Civil Procedure 38(d)[3] and stipulated the undisputed facts in this case, as well as damages.[4]  The parties seek resolution from the Court on a final remaining question:  Does the FLSA's § 207(k) exception apply to Plaintiff?

For the following reasons, the Court finds that 29 U.S.C. § 207(k) does not apply and **ORDERS** judgment in Plaintiff's favor.

---

[1] Doc. 24 at 1–2.
[2] Doc. 25 at 3.
[3] Doc. 23.
[4] Doc. 22.

Case No. 1:20-cv-00152
Gwin, J.

## I.    Discussion

In 2014, Defendant Highland Hills Village hired Plaintiff as a firefighter.[5]  Plaintiff worked overtime but was not paid overtime wages.[6]  At his deposition, Defendant's fire chief explained that the fire department followed a policy of never paying overtime.[7]  Defendant now accepts that it must pay overtime.  The parties stipulate that Plaintiff is entitled to the overtime Defendant did not pay together with liquidated damages.[8]

The FLSA requires employers to pay time-and-a-half overtime for time that employees work over 40 hours per week.[9]  The law provides an exception, however, for firefighters and police officers, among others,[10] in recognition of unusual shift times.  In essence, the exception, 29 U.S.C. § 207(k), provides that if certain conditions are satisfied, public employers can pay certain fire protection employees overtime only for hours worked over 216 hours in a 28-day "work period."[11]

---

[5] Doc. 22 at 1.

[6] *Id.* at 3.

[7] Doc. 24 at 3.

[8] Doc. 22 at 3.

[9] 29 U.S.C. § 207(a).

[10] 29 U.S.C. § 207(k) ("any employee in fire protection activities or any employee in law enforcement activities").

[11] *Id.*  The exception provision says:

> No public agency shall be deemed to have violated subsection (a) with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions) if--
>
> > (1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to section 6(c)(3) of the Fair Labor Standards Amendments of 1974) in tours of duty of employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975; or
> >
> > (2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in clause (B) of paragraph (1)) bears to 28 days,

-2-

Case No. 1:20-cv-00152
Gwin, J.

Defendant Village maintains that the exception should apply in this instance, which would reduce Plaintiff's overtime hours and overall damages.  In response to this argument, Plaintiff says Defendant fails to satisfy the requirements for the 29 U.S.C. § 207(k) exception to the normal 40-hour work-week overtime calculation formula.

Defendant argues that its employee manual establishes a "qualifying 28-day pay period" that applied to Plaintiff.[12]  Defendant's employee manual states in pertinent part: "In the case of safety forces with a twenty-eight (28) day overtime cycle, overtime will be paid in the first pay period following the calculation after the twenty-eight day cycle."[13]

Plaintiff disagrees that Defendant Highland Hills qualifies for the 29 U.S.C. § 207(k) exception.[14]  Despite the manual's language, Plaintiff says that Highland Hills lost the ability to use the § 207(k) formula because Highland Hills never paid overtime in the first pay period following the supposed twenty-eight day cycle.  Instead, Highland Hills never paid any overtime.[15]

Further, Plaintiff Vance's payroll records show that Defendant did not calculate overtime on a 28-day schedule (presumably because it did not calculate overtime at all).[16]  Plaintiff also cites to the Defendant's Fire Chief's deposition testimony that the manual's 28-day policy did not or was not applied to Plaintiff.[17]

---

compensation at a rate not less than one and one-half times the regular rate at which he is employed.  *Id.*

[12] Doc. 25 at 2–3.

[13] *Id.* at 2.

[14] Doc. 24 at 3–4.

[15] *Id.*

[16] *Id.* at 4.  *See also* Doc. 14-5.

[17] Doc. 24 at 6.  Fire Chief Namy also served as Defendant's Rule 30(b)(6) representative. *Id.*

Case No. 1:20-cv-00152
Gwin, J.

The Court agrees with Plaintiff that the 29 U.S.C. § 207(k) exemption should not apply in this instance.  Defendant did not establish a 28-day work period as the § 207(k) exemption required.  There may have been a policy on the books, but Defendant made no effort to apply it to Plaintiff.

The parties debate whether the law required defendant to "announce" the 28-day work-period policy.[18]  Defendant correctly argues that § 207(k) does not require specific mentions or announcements.[19]  Likewise, Defendant cites case law affirming that the 28-day overtime period does not need to match an employee's duty schedule or pay cycle.[20]

Still, the key issue is whether Defendant actually established or implemented a 28-day overtime period.

Defendant's cited case law does not require the conclusion that two sentences in its employee manual *alone* establish a 28-day overtime period that falls within § 207(k). Defendant urges the Court to follow *Martin v. Coventry Fire District* and a handful of other First Circuit cases.[21]  In *Coventry*, the First Circuit applied the § 207(k) exemption even though the fire department at issue had not paid any overtime and did not have a 28-day overtime period policy.  In other words, the fire department had made no attempt to establish a 28-day period under § 207(k).[22]  The Court held that requiring the fire department to pay for overtime over the normal 40 hours per week, as opposed to approximately 53 hours per week under § 207(k), amounted to a "penalty."[23]

---

[18] *Id.* at 7; Doc. 25 at 7–8.
[19] Doc. 25 at 7–8.  *See, e.g.*, *Brock v. City of Cincinnati*, 236 F.3d 793, 810 (6th Cir. 2001).
[20] Doc. 25 at 11.  *See, e.g.*, *Franklin v. City of Kettering*, 246 F.3d 531 (6th Cir. 2001).
[21] Doc. 25 at 12–13.
[22] *Martin v. Coventry Fire Dist.*, 981 F.2d 1358, 1359–60 (1st Cir. 1992).
[23] *Id.  See also Feaser v. City of New York*, No. 93 Civ. 5739 (LAP), 1995 WL 350848, at *1 (S.D.N.Y. June 9, 1995).

Case No. 1:20-cv-00152
Gwin, J.

But the Department of Labor responded directly to the court in *Coventry*.  A

Department of Labor opinion letter said:

> An employer must designate or otherwise objectively establish
> the work period for each employee (or group of employees) for
> whom §7(k) is claimed <u>and</u> pay the affected employees in
> accordance with its provisions.  As indicated in 29 CFR
> §§ 553.50–.51, the employer is required to maintain and
> preserve records which, among other information, show the
> work period for each employee and which indicate the length
> of that period and its starting time. . . . We consider <u>Coventry</u> to
> be incorrectly decided.[24]

The Department of Labor opinion letter continued that whether an employer had

paid any overtime at all mattered.  For example, where an employer established a policy

*and* followed it, "but inadvertently . . . failed to compensate affected employees for some

overtime hours worked (e.g., failing to count some required preshift activities as 'hours

worked')" the Department advised that the § 207(k) exception could apply.[25]

While neither *Coventry* nor the Department of Labor's letter is binding, the

Department of Labor opinion letter is more persuasive.  There is no indication that the fire

department ever actually followed the employee manual policy with respect to Plaintiff.

The First Circuit was concerned about a penalty but as the fire department did nothing to

implement the policy in the employee manual, it does not show that it fell within the scope

of the § 207(k) exception.  The 29 U.S.C. § 207(k) exception does not apply.

## II.    Conclusion

For the foregoing reasons, the Court finds that 29 U.S.C. § 207(k) does not apply

---

[24] U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter on the Fair Labor Standards Act (FLSA) (Jan. 13, 1994).

[25] *Id.*

Case No. 1:20-cv-00152
Gwin, J.

and **ORDERS** judgment in Plaintiff's favor.

IT IS SO ORDERED.


Dated:  December 21, 2020                          _s/      James S. Gwin_
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE